**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**
Case No.: 9:25-mc-00854-BHH
**(Related to Civil Action No. 1:25-cv-00067-MR-WCM (W.D.N.C.))**

BRADY BENNETT, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

SYMMETRY FINANCIAL GROUP, LLC, and
QUILITY SOFTWARE APPLICATIONS LLC,

    Defendants.
_____/

### NON-PARTY LEVEL UP CONSULTING AGENCY, LLC'S MOTION TO QUASH PLAINTIFF BRADY BENNETT'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND/OR FOR A PROTECTIVE ORDER

Level Up Consulting Agency, LLC ("Level Up"), a nonparty to the above-captioned litigation, by and through its undersigned counsel, and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, respectfully requests that the Court quash the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") dated October 10, 2025, issued by Plaintiff Brady Bennett ("Plaintiff" or "Bennett") on Level Up, or in the alternative, issue a protective order for Level Up. In support of this Motion, Level Up submits its Memorandum in Support of this Motion, filed concurrently herewith, and states as follows:[1]

1.    Under Rule 45(d)(3), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time

---

[1] By filing this Motion, Level Up does not waive and expressly reserves all its objections to the Subpoena. Level Up reserves all its rights. Level up also incorporates by reference all its objections asserted in Exhibits B and D herein in support of this Motion.

1

to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(i)-(iv).

2.     Under Rule 26(b)(2)(C), the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Additionally, under Rule 26(c), "any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken," and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

3.     As demonstrated in Level Up's responses and objections, Plaintiff seeks irrelevant information and is disproportionate to the needs of the case. The Subpoena is also grossly overbroad on its face and places an undue burden on Level Up, a nonparty in the case.

4.     Level Up is entitled to recover its attorney fees and costs from Plaintiff, as Plaintiff violated his duty to avoid imposing undue burden or expense on Level Up under Rule 45(d)(1). And Plaintiff's conduct is sanctionable under the Court's inherent authority.

5.     In the alternative, the Court should enter a protective order to limit the scope of the deposition topics and the document requests in the Subpoena and to prevent the disclosure of Level Up's protected information.

6.     Counsel for Level Up certifies that counsel has, in good faith, conferred with counsel for Plaintiff in an effort to resolve the dispute without court action. Counsel for Level Up and counsel for Plaintiff were unable to resolve the dispute regarding the Subpoena and the relief sought in this Motion. For the reasons explained more fully in Level Up's Memorandum in Support, filed contemporaneously herewith, the Subpoena should be quashed in its entirety, or in the alternative, a protective order denying the irrelevant, overly broad, and unduly burdensome discovery sought by Plaintiff be entered for Level Up.

**WHEREFORE**, Level Up respectfully requests that this Honorable Court (a) enter an order quashing the Subpoena in its entirety; (b) in the alternative, enter a protective order denying the irrelevant, overly broad, and unduly burdensome discovery sought by Plaintiff; and (c) award Level Up its reasonable attorney's fees and costs incurred in connection with the Subpoena and this Motion; and (d) for any other relief this Court deems just and proper.

Dated: October 27, 2025            Respectfully submitted,

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

/s/ *Addie K.S. Ries*
Addie K.S. Ries
S.C. Bar No. 103016
S.C. Federal ID No. 12623
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Email: aries@smithlaw.com

Tyler A. Mamone, Esq.*
Florida Bar No.: 111632
Rachel E. Walker, Esq.*
Florida Bar No.: 111802
Yetian Wang, Esq.*
Florida Bar No.: 1025778
**MAMONE VILLALON**
100 SE 2nd St., Suite 4030

Miami, Florida, 33131
Tel: (786) 495-8180
E-mail: tyler@mvlawpllc.com
rachel@mvlawpllc.com
yetian@mvlawpllc.com
*Not yet admitted*

*Attorneys for Non-Party Level Up Consulting Agency, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Additionally, the foregoing will be contemporaneously served upon the following parties by electronic mail:

Alex D. Kruzyk
Pardell, Kruzyk & Giribaldo PLLC
7500 Rialto Blvd.
Suite 1-250
Austin, TX 78735
737-310-3210
akruzyk@pkglegal.com

*Attorney for Plaintiff*

Mitchel Erik Luxenburg
Luxenburg & Levin, LLC
23875 Commerce Park Dr.
Suite #105
Beachwood, OH 44122
216-452-9301
866-551-7791 (fax)
mitch@mluxlaw.com

*Attorney for Plaintiff*

Jacob U Ginsburg
Kimmel & Silverman, PC
30 E. Butler Ave.
Ambler, PA 19002
267-468-5374
teamkimmel@creditlaw.com

*Attorney for Plaintiff*

Matthew Keilson
Watstein Terepka LLP
75 14th Street NE
Ste 2600
Atlanta, GA 30309
678-372-0408
mkeilson@wtlaw.com

*Attorney for Defendants*

Ashley Futrell Hinkson
Watstein Terepka LLP
75 14th Street NE
Ste 2600
Atlanta, GA 30309
419-321-1270
ahinkson@wtlaw.com

*Attorney for Defendants*

Melanie Ng Silva
Watstein Terepka LLP
218 Northwest 24th Street
Ste 3rd Floor
Miami, FL 33127
404-600-1240
mngsilva@wtlaw.com

*Attorney for Defendants*

Elizabeth C. King
Cranfill Sumner LLP
5535 Currituck Drive
Ste 210
Wilmington, NC 28403

910-777-6000
910-777-6111 (fax)
eking@cshlaw.com

*Attorney for Defendants*


SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

/s/ *Addie K.S. Ries*
Addie K.S. Ries
S.C. Bar No. 103016
S.C. Federal ID No. 12623
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Email: aries@smithlaw.com

Tyler A. Mamone, Esq.*
Florida Bar No.: 111632
Rachel E. Walker, Esq.*
Florida Bar No.: 111802
Yetian Wang, Esq.*
Florida Bar No.: 1025778
**MAMONE VILLALON**
100 SE 2nd St., Suite 4030
Miami, Florida, 33131
Tel: (786) 495-8180
E-mail: tyler@mvlawpllc.com
          rachel@mvlawpllc.com
          yetian@mvlawpllc.com
*Not yet admitted*

*Attorneys for Non-Party Level Up
Consulting Agency, LLC*

6